United States District Court
Southern District of Texas

ENTERED

July 13, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Adam Robicheaux, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-15-3305 |
| | § | |
| International Longshoremen's | § | |
| Association Local No. 24, | § | |
| | § | |
| Defendants. | § | |

# Opinion on Summary Judgment

1.    *Introduction.*

A union agent skipped a non-union driver while assigning trucking jobs at a union hiring hall. When the driver complained, the agent responded aggressively, yelling insults. The driver immediately filed a grievance alleging racial discrimination. The union found the agent's behavior punishable but not racially motivated.

Dissatisfied with the outcome of the grievance, the driver sued under Title VII of the Civil Rights Act of 1964. The suit was not filed within the period of limitations, but even if it were timely, it would not be successful. The law says that a claim may not be brought in court if a collective bargaining agreement explicitly states it must be resolved through grievances.

The union's contract creates a possible conflict because it both declares the union grievance the sole remedy for employment claims and reserves the right of workers to file a claim with the Equal Employment Opportunity Commission. If the contract bound Robicheaux to use only the grievance, the grievance has been completed and precludes new lawsuits predicated on the same event. If the contract did permit Robicheaux to sue, he still did not state a viable claim of racial discrimination.

2.    *Background.*

Adam Robicheaux signed the list to be assigned as a driver at the International Longshoremen's Association hiring hall one morning, and waited for his number to be called. Scott Cox, a union business agent, went down the list assigning jobs by the order that the drivers signed, but he skipped Robicheaux. When Robicheaux complained to Cox that he had not been called, Cox yelled at him, calling him "boy" and "non-union boy." Robicheaux filed a grievance with the union saying that "boy" is racially derogatory. The union found Cox's skipping Robicheaux and having been hostile violated union rules but was not racially motivated. The union suspended Cox for ten days and sent him to an anger management course.

3.    *Statute of Limitations.*

The worker must sue within 90 days of receiving his letter from the Commission that gives him the right to sue.[1] Robicheaux received his letter on July 20 but did not sue until November 6, nineteen days after the deadline.[2] His claims are barred by limitations. Even if his claims were not barred, he would take nothing.

4.    *Union Contract.*

The Port of Houston's memorandum on grievances says that its making a union grievance the sole forum for employment discrimination claims do not "prevent any person from filing a charge with the EEOC."[3] The law says if discrimination claims are explicitly reserved for union grievance by a collective bargaining agreement, a complainant may not bring a lawsuit after a grievance.[4] The law does not address a parallel explicit reservation of the opportunity to sue.

---

[1]42 USCS § 2000e-5(f)(1) (1964).

[2]Complaint, page 1, item 5.

[3]Motion for Summary Judgment, Exhibit 1-A, page 1, paragraph 2.

[4]*14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 260-64 (2009); *Ibarra v. United Parcel Service*, 695 F.3d 354, 356 (5th Cir. 2012).

A.      *Grievance.*

If the contract precludes Robicheaux from bringing his Commission complaint, only his claims about the grievance should be considered. Robicheaux has made two claims about the grievance: that his race was used against him in the hiring hall and that the union did not fairly represent him during the proceeding.

(1)     *One Cause, One Decision.*

If Robicheaux may not bring another suit, his racial discrimination claim has been decided. He pursued the grievance to completion, and the union came to a final decision about Cox's behavior and his punishment. The union's decision precludes a later parallel claim.

Robicheaux filed a grievance on the same day he was skipped, June 4, 2015, and filed a Commission complaint thirty-six days later. Robicheaux received the letter from the Commission giving him permission to sue on July 20. The union handles grievances initially with mediation; next the worker can request three steps: a trial, an appeal, and a third-party arbitration. If the worker does not appeal after a given stage, the union's decision from that stage is final. Robicheaux pursued the grievance through Step Two, the appeal, in October. He sued here on November 6. The Step-Two decision was signed on January 14, 2016. Robicheaux did not request arbitration, making Step Two final.

Federal law requires union arbitration and does not allow courts to hear collectively-bargained labor disputes unless there has been bad faith by the union.[5] Matters that have been agreed to be arbitrated must be arbitrated, with special emphasis on unions' internal arbitration.[6] Regardless of the label placed on the steps of internal adjudication by a union, grievance decisions are the equivalent of an arbitration.[7] The decisions of the constituent steps of a grievance are parallel to a final judgment at any point in the hierarchy of a court; neither can be collaterally attacked.

---

[5] *Vaca v. Sipes*, 386 U.S. 171 (1967).

[6] *See* 9 U.S.C. §3 (1947); 29 U.S.C. §185 (1947).

[7] *General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963).

Because the grievance was final it precludes future suits or arbitrations of the same claims. A claim is precluded if the:

- Parties in this case and an earlier case are identical;
- Decision-maker had jurisdiction;
- Decision-maker reached a final decision on the merits; and
- Same event gives generated both claims.[8]

This grievance fits these requirements. The exact same parties are in this suit as were in the grievance. The generated claims have the exact same facts. The union contract specified that this type of claim could be resolved through grievance, giving the decision-maker in the grievance jurisdiction.[9] The union reached a decision that was described as "final and binding."

If the contract precludes another suit, the grievance decision is final and may not be retried by this court.


(2)    *Fair Representation.*

In his response to the union's motion for summary judgment, Robicheaux claimed that the union breached its duty to represent him fairly in his grievance.[10] He never pleaded this; it was only in that response and not in an amended complaint. Even if he had pleaded the claim properly, the union did not breach that duty. Robicheaux's disagreement with the grievance's outcome does not indicate bad faith by the union in the proceeding. Robicheaux's assertions of bad faith in the response to motion for summary judgment are either unsupported by the documents Robicheaux produced or nullified by other evidence in the record. The grievance included the basic elements of adjudication: Robicheaux had notice and the opportunity to be heard.

---

[8] *Murchison Capital Partners, L.P. v. Nuance Communs., Inc.*, 625 Fed. Appx. 617, 621 (5th Cir. 2015).

[9] *Id.*, at 624-625.

[10] 29 U.S.C. § 185; *see Vaca v. Sipes*, 386 U.S. 171 (1967).

B.      *Commission.*

If the contract allows Robicheaux to bring this suit despite the completed grievance, he may sue for racial discrimination. Robicheaux had an obvious complaint that he was mistreated because of his lack of union membership, but his racial claim is different. In a union hiring hall where forty-five percent percent of longshoremen are black like Robicheaux, his lack of membership rather than his race differentiated him. The only characteristic Cox specifically targeted in his insults was that Robicheaux was a "non-union boy." Robicheaux even said in his Commission complaint that "...his comments were belittling to any African American man or any man of *any nationality*." Though demeaning, Robicheaux's description conceded that the insult "boy" did not necessarily refer to his race.


5.      *Conclusion.*

Robicheaux will take nothing from the union except the relief it has allowed through grievance.


Signed on July 13, 2016, at Houston, Texas.


Lynn N. Hughes
United States District Judge